## The State *versus* Shaw.

The curtilage of a dwellinghouse is a space necessary and convenient, and habitually used for family purposes, for the carrying on of domestic employments. It includes the garden, if there be one. It need not be separated from the other lands by fences.

Indictment, founded on R. S. chap. 155, sect. 3. It was for setting on fire and burning the barn of one Joel Savage

State *v.* Shaw.

being within the curtilage of his dwellinghouse, " by which said firing, the said dwellinghouse was endangered."

The trial was before WELLS, J.

The following rude diagram and description will sufficiently illustrate the localities, according to the evidence.

The barn 53 feet from the shop.
The shop 14 feet from the house.

Distance from house to highway, "25 or 30 rods."
"           "      barn to west fence, "8 or 9 rods."
"           "      house to north fence, "6 or 7 rods."

The Judge instructed the jury, that the size of the lot, and the distance of the fences from the buildings, would not preclude them from considering the barn within the curtilage of the dwellinghouse. They rendered a verdict that defendant was guilty, and he excepted to that instruction.

*Morrill*, for defendant.

The indictment is insufficient. It does not show the relative position of the barn and house, and allege that it was from and by that *position*, that the house was endangered. It only alleges that the danger arose from the *fact* of *firing*

the barn. The statute makes the offence to depend upon the relative position of the buildings ; the indictment makes it to depend on a fact, the fact of firing, without regard to such position.

The jury, in effect, were instructed that it was not necessary to consider any particular position of buildings, or of fences necessary, in determining whether the barn was within the curtilage. Whether within or without the curtilage, is not law for the court, but fact for the jury. The barn was 71 feet from the house, and 53 from the nearest building. The Judge ought to have instructed whether, thus situated, the barn was within the curtilage ; but he virtually told them they might consider it so, if they chose. The true question was, whether the barn was within the curtilage ; not whether it was so near, that the burning of it would endanger the house. Curtilage, means " yard" or " court," for the protection and security of the mansion. It is an enclosure belonging to a dwellinghouse. The law puts a higher value upon buildings within such an enclosure.

The term curtilage has a technical signification, and when made use of in a penal statute, without modification, it must be considered according to the strict signification of the term. R. S. chap. 1, sect. 3, rule 1.

When the statute imposes a penalty for burning a building within the curtilage of the dwellinghouse, it must be supposed to have regard to the particular position of the buildings, which is implied by the term ; namely, that the building is within the yard of the dwellinghouse, a yard that is peculiar to the house, and not common to that and other buildings not connected with it.

To be within the curtilage, the building must be within the enclosure or yard, which is peculiar to the house, and no proximity or peculiarity of position, or situation, will make it so. If it is not within the yard, it is an out-house or out-building, and that without regard to the extent of open space, between the house and out-house. If it is immediately connected with it, then it is part of it. *Garland's case,* 2 E. P. C. 493 ;

*Brown's case, ibid.; People* v. *Parker,* 4 Johns. 424; 2 Stark. Ev. 324 and note; Roscoe's Crim. Ev. 326; 5 Day's Conn. Rep. 131; Russell on Crimes, 2, vol. 5.

A building separated by a private or public way, is not within the curtilage. Wharton's Crim. Law, title Curtilage.

Now the barn was not technically within the curtilage of the dwellinghouse. It was not enclosed, or encircled, by a yard and fence, connecting it with the house, but stood in an open field, with a fence having no *special reference* to enclosing the house, but simply as fences enclosing the common lot.

There was no court or yard enclosing the house. There was but a common fence, enclosing a general field.

Would a building situated at the remotest point within the fences, from the house, be within the curtilage? It was 26 rods.

If the size of the lot and distance of the fences, &c., could not control, by what rule should it be determined?

If the barn had been in the remote corner, it would have been as much within the curtilage, as it was in its then position, and yet it would have been so remote, as not to have endangered the house at all.

The question cannot arise in this case, whether the offence may not be committed upon a building not technically within the curtilage.

In order to present such a question, the indictment must set forth the position or connection of the building and rely upon that.

Whatever the court may think of such a question, or of the sufficiency of the proof to establish such a position, it cannot apply here, as it would not sustain the charge.

*Vose,* for the State.

Curtilage is defined in Johnson, to be a garden, yard or field, lying near to a messuage. Webster calls it a yard, garden, enclosure or field near and belonging to a messuage. In Bouvier's Law Dictionary, it is styled " the space situated within a common enclosure, belonging to a dwellinghouse. See also Shep. Touchstone, 94; Jacob's Law Dictionary, title; Curtilage; 7 Dane's Abr. p. 127. The statute con-

State *v.* Shaw.

templates, that there may be buildings within the curtilage, and yet so as not to endanger the house.

TENNEY, J., orally, — The counsel for defendant contends, that the Judge ought to have defined the term, curtilage, to the jury. But there was no request of the kind. Without such request, he was not bound to do so.

Again, it is contended the barn was not within the curtilage. The curtilage of a dwellinghouse is a space, necessary and convenient and habitually used, for the family purposes, the carrying on of domestic employments. It includes the garden, if there be one. It need not be separated from other lands by fence. The ruling of the Judge was unobjectionable.

*Exceptions overruled.*