# Ivey *v.* The State.

### Prosecution for use of Vulgar Language in Dwelling-house, &c.

1. *Code, § 4203 of; construed.*—The statute against the use of abusive, vulgar, or insulting language, (Code, § 4203) is not violated, unless such language is used at a place, and in the presence of the persons, or some one of them, specially mentioned in the statute.

2. *Same; indictment, when defective.*—A statement filed on appeal to the Circuit Court, or an indictment therein, for this offense, is fatally defective, if it fails to aver such presence.

3. *" Curtilage," as used in this statute; meaning of.*—The "curtilage," within the meaning of this statute, includes the yard, garden or field, which is near to and used in connection with the dwelling, though not enclosed.

APPEAL from Sumter Circuit Court.

Tried before Hon. L. R. SMITH.

The appellant, Ivey, was prosecuted before the County Court, for a violation of the statute (Code, § 4203), against the use of abusive, vulgar or insulting language in the dwelling-house of another, or upon the curtilage thereof, &c. Having been convicted, he appealed to the Circuit Court, where he pleaded not guilty. The jury found him guilty and assessed a fine, and judgment was rendered accordingly.

The statement filed by the solicitor in the Circuit Court,. charged that within twelve months before the commencement of the prosecution, the defendant " did enter the dwelling-house of Jerry Sledge, or upon the curtilage thereof, and

made use of insulting, vulgar or abusive language, against the peace," &c.

When the abusive language was used by the defendant, " he was near the house of Jerry Sledge, a freedman, between the door of Jerry's house and the door of his kitchen, and about five feet from the door of the house to which he (defendant) had just ridden." The house was some five hundred yards from the public road, and in an open field, not surrounded by any fence or enclosure whatever. The defendant and the prosecutor both lived on the lands of one Sprott, who had directed the defendant to prevent the burning of rails on the premises. The conversation in which the defendant used the abusive language, commenced by defendant's expostulating with Jerry about burning the rails.

The foregoing is the substance of all the evidence material to the questions involved.

The court charged the jury, among other things, that " although there was no fence enclosing the house, yet if they believed from the evidence, beyond all reasonable doubt, that the defendant entered upon the premises of said Sledge, and within the space ordinarily enclosed by a fence and used as a yard about the house, and made use of insulting, abusive or vulgar language, in the presence of a member of his family, then he would be within the prohibition of the statute, and would be guilty." The defendant excepted to this charge, and asked the court in writing to charge the jury, " that unless they believe from the evidence that the defendant had the purpose in his mind to use insulting, vulgar or abusive language, at the time he entered upon the premises, he can not be convicted."

The court refused to give this charge, and the defendant excepted.

SNEDECOR & COCKRELL, for appellant.—1. The statement is defective, and charges no offense. The *presence* of the owner, or of some member of his family, must be shown. Code, § 4203.

2. Charge given by the court of its own motion, is erroneous. The legislature has sought, by carefully guarded language, to protect families or females from impropriety of language, when it is uttered by one intruding, 1st, in the dwelling-house; 2nd, upon the curtilage thereof.

" The case not falling within the terms of the first inhibition, and being dispunishable unless it does, the court below sought to supply, by interpretation, what it must have con-

[Ivey v. The State.]

sidered a *casus omissus*," and extended the prohibition to an indefinite distance, " within the space ordinarily enclosed by a fence and used as a yard about the house."

The technical term " curtilage," when incorporated in this statute, had a well defined technical signification : " The enclosed space immediately surrounding a dwelling-house, contained within the same enclosure.—10 Cush. Mass. 480 ; 43 Ala. 20.

The court erred in refusing the charge requested. The language of the statute is not, " if any person being in the dwelling-house of another, or upon the curtilage thereof, uses," &c.; but the language is, " *enters into* the dwelling, or *upon* the curtilage, AND in the presence," &c. The construction put by the court, in effect eliminated therefrom the verb " enters," the conjunction " and " preceding " in presence of ;" and also the conjunction " and " preceding " makes use of."

HENRY C. TOMPKINS, Attorney-General, *contra.*—The statute was intended to protect the *home*, or the members of the household while in its sacred precincts, from the annoyance and mortification occasioned by the use of such language in their presence. A place to be within the curtilage of a dwelling, need not be within some enclosure separating the dwelling from the land around, for, as says a Maine judge, " the curtilage of a dwelling-house is a space necessary and convenient and habitually used for the family purposes, the carrying on of domestic employments, and need not be separated from other lands by fence."—*Shaw v. State*, 31 Me. 523 ; 3 Whart. Crim. Law, § 1669 ; 1 Bishop Crim. Law, § 171.

The charge given by the court went even further, for it required the jury to believe, not only that it was in the space so used, but that it was also within the space ordinarily enclosed.

The intent, the existence of which is necessary to constitute the crime denounced by the statute, is the intent to use language of the character forbidden thereby, and it is evidenced by its use. To make the offense, it is only necessary that the intent and act should concur in point of time. It is not necessary that the intent should have existed at any specified time prior to the act. There was no error in the refusal of the court to give the charge asked.—1 Bishop Crim. Law, § 80.

[Ivey v. The State.]

BRICKELL, C. J.—This prosecution originated in the County Court, and after conviction, was carried by appeal to the Circuit Court. The charge is a violation of the statute prohibiting the use of abusive, vulgar, or insulting language in the dwelling-house of another, or upon the curtilage thereof, or upon the public highway near such premises, *and in the presence of the family of the owner or possessor thereof, or of any member of his family, or of any female.* Code of 1876, § 4203. The trial on the appeal to the Circuit Court is *de novo*, without any indictment or presentment by the grand jury, but the solicitor is required to file a brief statement of the offense charged, a form of which is given, which indicates the offense must be described as in an indictment.—Code of 1876, § 4729. A statement was filed, charging the defendant with an entry into the dwelling-house of another, or upon the curtilage thereof, and the use of abusive, vulgar, or insulting language, but omits to charge the presence of the owner or possessor, or of his family, or of any member thereof, or of any female. The offense is statutory, not existing at common law, and an indictment, or the accusation which must be filed on appeal from the County Court, is insufficient, unless it avers the facts which the statute declares are constituents of it. It is the protection of the persons who are particularly mentioned from insult, the statute is intended to secure; and their presence, or the presence of some one of them, is as material to constitute the offense, as the use of the abusive, insulting, or vulgar language, or the places at which the language is used. The statement is insufficient, and does not support the judgment.

Whatever may have been the signification of the word *curtilage*, as employed at common law in reference to burglary, we can not doubt that in this statute, it includes the yard, or garden, or field, which is near to and used in connection with the dwelling. It is not necessary either should be surrounded by an enclosure. It is the propinquity to the dwelling, and the use in connection with it for family purposes, which the statute regards, and not the fact of its enclosure.—Bish. Stat. Crimes, § 286; *State v. Shaw*, 31 Me. 523. There was no error in the charge given, or in the refusal of that requested.

For the error pointed out, the judgment must be reversed and the cause remanded. The appellant will remain in custody until discharged by due course of law.