# Cook *v*. The State.

## *Indictment for Arson.*

1. *Burning corn-crib.*—A "corn-crib containing corn," as the words are here used in an indictment for arson (Code, § 4347), includes a "corn-pen containing corn," as those words are used in the statute; and the burning is arson in the second degree.

2. *Curtilage; what buildings are within.*—The curtilage usually includes the yard, garden, or field, which is near to, and used in connection with the dwelling; and in some cases it may be affirmed, as matter of law, on the undisputed facts, that a particular building is, or is not, within the curtilage; but, where the building burned, a barn, is situated seventy-five yards from the dwelling-house, in a grove which is separated from the front yard by a cross fence, through which there is a connecting gate, the entire premises being inclosed by a fence, and

[Cook v. The State.]

containing between two and three acres, it can not be affirmed, as matter of law, that it was not within the curtilage, and the question is properly submitted to the jury.

FROM the Circuit Court of Greene.

Tried before the Hon. S. H. SPROTT.

The defendant in this case was convicted under the second count of the indictment, which charged that he "willfully set fire to or burned the barn of Ellis Outlin, which said barn was within the curtilage of the dwelling-house of said Ellis Outlin;" and was sentenced to hard labor for the county, for eighteen months. "On the trial," as the bill of exceptions states, "the State introduced evidence tending to show that, within twelve months before the finding of the indictment, the defendant willfully set fire and burned a crib containing corn, the personal property of Ellis Outlin; that the crib contained, also, hay, pumpkins, and other produce; that it was situated seventy-five yards from the front yard of said Outlin, in a grove; that there was a fence running around the house of said Outlin, inclosing from two to two and one-half acres of ground, and said crib was inside of said fence; that there was a cross fence a short distance in front of the house, completely cutting off the yard and dwelling-house from the grove in front, but having a gate in it leading from the yard into the grove; and that said Outlin used said grove in connection with his house and yard. This being all the evidence, the defendant requested the court to charge the jury, that if they believed the evidence, they could not convict him under the second count in the indictment;" which charge the court refused to give, and the defendant excepted.

JUDGE & DEGRAFFENREID, for appellant.

THOS. N. MCCLELLAN, Attorney-General, for the State.

STONE, C. J.—The defendant was indicted for arson, under the statute amendatory of section 4347 of the Code of 1876, approved January 30, 1885.—Sess. Acts, 105; Code of 1886, § 3781. The indictment contains two counts. The first charges that the defendant "willfully set fire to, or burned, a corn-crib containing corn," property of Ellis Outlin. The second count charges that he "willfully set fire to, or burned, a barn (property of Ellis Outlin), said barn being within the curtilage of the dwelling-house of said Ellis

[Cook v. The State.]

Outlin." There was demurrer to the indictment, assuming that it charged a misdemeanor in the first count, and a felony in the second. The demurrer was overruled.

The statute we are considering enumerates many criminal acts, grouping them into classes, and pronounces each of them to be arson in the second degree, and a felony. Among the groupings are the following: "To set fire to, or burn . . . . "any car, train of cars, car-shed, cotton-house, or cotton-pen containing cotton, or corn-pen containing corn." Another grouping is expressed as follows: "Or barn, stable, shop or office of another person, within the curtilage of a dwelling-house." The argument in support of the demurrer is, that the statute specifies "corn-pen containing corn," as the offense it denounces and punishes as arson in the second degree, while the indictment is for "setting fire to or burning a corn-crib containing corn." On this ground it is claimed, that the burning of a "corn-crib containing corn," falls within the residuary clause in reference to the crime of arson, and is only arson in the third degree,—a misdemeanor.—Code, of 1886, § 3784. The phrase "corn-crib" is not found in the act of January 30, 1885. We hold, that when the offense in this case was committed, the terms "corn-pen containing corn," and "corn-crib containing corn," had substantially the same popular signification; or, at least, that the phrase, "corn-crib containing corn," included corn-pen containing corn. Each of the counts charges a felony.—*Sparrenberger v. State*, 53 Ala. 481; *Block v. State*, 66 Ala. 493; *Washington v. State*, 68 Ala. 85. The Code of 1886, § 3781, has embodied "corn-crib" in its provisions, and has made the willful burning, or setting fire to it, arson in the second degree; and that, whether it contains corn or not. That provision has nothing to do with this case, as the offense here prosecuted was committed before it became a law. The demurrer was rightly overruled.

2. The defendant asked the court to charge the jury, that if they believed the evidence, they could not convict the defendant under the second count in the indictment. This charge was refused, and the conviction was had on the second count. The theory of the charge, and the only ground on which it is, or can be based, is that, as a matter of law, the testimony fails to show that the barn charged to have been burned, was within the curtilage of the dwelling-house.

Many cases may, and do arise, in which it can be affirmed,

[Johnson v. The State.]

as matter of law, that a given house or structure is, or is not, within the curtilage.  *Curtilage* usually includes "the yard, or garden, or field, which is near to, and used in connection with the dwelling."—*Ivey v. State*, 61 Ala. 58.  And Bishop, Stat. Crimes, § 278, quoting from ancient authors, says: "The privy, barn, stable, cow-houses, dairy-houses, if they are parcel of the messuage, though they are not under the same roof, or joining or contiguous to it," are included within the curtilage.—See 2 Bish. Cr. Law, (7th ed.,) §§ 104 *et seq.*; 1 Bish. Cr. Law, (4th ed.), § 302, and note 4; 1 Whart. Cr. Law (9th ed.), § 834; 4 Black. Com. 274; *Overstreet v. State*, 46 Ala. 30; *Washington v. State*, 82 Ala. 31.

We hold that the testimony in this case was of that indeterminate character which should have been passed on by the jury, and the Circuit Court did not err in refusing to instruct them that, as matter of law, the barn was not within the curtilage.—*Com. v. Barney*, 10 Cush. 480; *State v. Shaw*, 31 Me. 523; *People v. Taylor*, 2 Mich. 250; *People v. Gedney*, 10 Hun, 151.

Affirmed.