# CHARLESTON.

BOOKER *v.* JARRETT *et al.*

Submitted March 26, 1912.    Decided June 17, 1913.

EXECUTORS AND ADMINISTRATORS—*Widows' Rights Before Dower Assigned—"Curtilage."*

    A small store room, located substantially within the yard and garden enclosing the mansion house, its front and side constituting a part of such enclosure, once occupied by the husband with a small stock of merchandise, but for a year prior to and at the time of his death used and occupied by him as a storage room for lumber, and domestic supplies, and all constituting a part of his home farm, is a part of the curtilage, of which by section 8, chapter 65, Code 1906, the widow, until dower assigned, is entitled to the undisturbed possession, as against an heir entering without her consent and against her protest, and of which she is entitled in unlawful detainer to recover the possession. (p. 607).

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Kanawha County.

    Action by Elizabeth Booker against Levi Jarrett and others. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*A. M. Belcher,* for plaintiffs in error.

*Shirkey & Lively,* for defendant in error.

MILLER, JUDGE:

In an action of unlawful detainer, on appeal from the judgment of a justice, the plaintiff obtained judgment for the possession of the property sued for, to-wit: "That certain messuage and tenement situate on Pinch Creek in Elk District, Kanawha County, West Virginia, and being the store house formerly occupied by Wm. L. Booker, deceased, as a store house and on the road in front of the residence of the late Wm. L. Booker, deceased, and being a part of the estate of Wm. L. Booker. deceased, and $10.00 damages for the unlawful detention thereof."

Plaintiff is the widow of Wm. L. Booker; the defendant Henrietta Jarrett is his niece, a daughter of deceased's brother, and who, with her husband and co-defendant Levi Jarrett, forcibly entered the store room in controversy, with claim of right as such heir, and have brought the case here to reverse the judgment against them. Plaintiff claims the property by right of possession and of her widowhood, and as part of the mansion house and curtilage, before dower assigned. The statute, section 8, chapter 65, Code 1906, governing the subject, is as follows: "Until her dower is assigned, the widow shall be entitled to demand of the heirs or devisees, one-third part of the issues and profits of the other real estate which was devised or descended to them, of which she is dowable, and in the meantime may hold, occupy and enjoy the mansion house and curtilage, without charge; and if deprived thereof, may on complaint of unlawful entry or detainer, recover the possession, with damages for the time she was so deprived."

The sole question, regardless of the character of the entry, whether forcible or not, if against plaintiff's will or objection, is whether the store room in question is a part of the curtilage. If it is, the judgment below is right and should. be affirmed.

Our conclusion from the evidence is in accord with the finding and judgment of the circuit court, that said store building does constitute a part of the curtilage, and that plaintiff has been unlawfully deprived thereof by defendants. The. evidence shows that this store room is located substantially within the

yard and garden enclosing the mansion house and other out buildings, the front of the building and one of the sides thereof, to which the fence is joined, constituting a part of the enclosure. For several years and up until about a year prior to his death this building had been occupied by plaintiff's husband as a general store for merchandising. After that and up until his death it was used as a place of storage for lumber, paints, oils, vegetables and other supplies for domestic use, and continued to be so occupied by the widow, under lock and key, until defendants entered, against her protest, and after her refusal to surrender the keys. Defendants succeeding in forcing the lock either with other keys or in some way made entry. The mansion house, store building, barn, and other out buildings constituted a part of the home farm of deceased.

The section of the Code in question is not a criminal statute. It was evidently intended to give the widow, until dower should be assigned, the right to use and occupy the dwelling-house and curtilage, as it was used and occupied by her and her husband at the time of his death, and that until that time she should not be disturbed therein by any one.

The word curtilage used in the statute was borrowed from English statutes where its meaning was well understood. Bouvier defines it, "The enclosed space immediately surrounding a dwelling-house, contained within the same enclosure." In *People* v. *Taylor,* 2 Mich. 250, 251, the court says: "In England, the dwellings and out-houses of all kinds, are usually surrounded by a fence or stone wall, enclosing a small piece of land embracing the yards and out-buildings near the house, constituting what is called the court. This wall is so constructed as to add greatly to the security of the property within it; but as such precautionary arrangements have not been considered necessary in this country, they have not been adopted." The same court, in the same case, further says: "It is perhaps unfortunate that this term, which is found in the English statutes, and which is descriptive of the common arrangement of dwellings, and the yards surrounding them, in England, should have been perpetuated in our statutes. It is not strictly applicable to the common disposition of enclosures and buildings constituting the homestead of the inhabitants of this country, and particularly of farmers." So in Maine, where it was contended that

the barn was not within the curtilage, it was held that the curtilage of a dwelling house is a space necessary and convenient and habitually used for family purposes, the carrying on of domestic employments; and that it includes the garden, if there be one, and that it need not be separated from the other lands by fence. *State* v. *Shaw,* 31 Me. 522, 527. In Massachusetts "curtilage in law means a fence or enclosure of a small piece of land around a dwelling-house, usually including the buildings occupied in connection with the house, and this enclosure may consist wholly of a fence, or partly of a fence and partly of the exterior side of buildings so within the enclosure." *Commonwealth* v. *Barney,* 10 Cush. 480. In Alabama, upon an indictment under a statute prohibiting the use of abusive, vulgar or insulting language in the dwelling-house of another, or upon the curtilage thereof, or upon the public highway near such premises and in the presence of the family of the owner or possessor thereof, or of any member of his family, or of any female, the court said: "Whatever may have been the signification of the word curtilage, as employed at common law in reference to burglary, we can not doubt that in this statute, it includes the yard, or garden, or field, which is near to and used in connection with the dwelling. It is not necessary either should be surrounded by an enclosure. It is the propinquity to the dwelling, and the use in connection with it for family purposes, which the statute regards, and not the fact of its enclosure." *Ivey* v. *State,* 61 Ala. 58, 61. And in a later case the same court held that "the curtilage usually includes the yard, garden, or field, which is near to, and used in connection with the dwelling; and in some cases it may be affirmed, as matter of law, on the undisputed facts, that a particular building is, or is not, within the curtilage; but, where the building burned, a barn, is situated seventy-five yards from the dwelling-house, in a grove which is separated from the front yard by a cross fence, through which there is a connecting gate, the entire premises being inclosed by a fence, and containing between two and three acres, it can not be affirmed, as matter of law, that it was not within the curtilage, and the question is properly submitted to the jury." *Cook* v. *State,* 83 Ala. 62.

In the light of these and other authorities we conclude that

the store house in controversy must be regarded as within the curtilage, and that the judgment below was right and should be affirmed.

*Affirmed.*