## O. T. SIMS v. THE STATE.

No. 11735.    Delivered October 3, 1928.
Rehearing granted January 16, 1929.

The opinion states the case.

*V. L. Shurtleff* of Breckenridge, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession for the purpose of sale of liquor capable of producing intoxication; penalty, one year in the penitentiary.

Officers with the consent of appellant searched his premises and found buried at the corner of his house two half-gallon fruit jars full of whiskey. This was about August 26, 1927. Neal Russell testified:

"On or about August 26, 1927 . . . I was out there on a visit with him. . . . I was out there about two weeks but worked for Smith about a week. During the time I was out there I saw the defendant handling whiskey. . . . I saw him with about three gallons and I saw him make some sales during that two weeks."

Appellant contends that under this testimony the State should have been required to elect upon which of the above two transactions it asked for a conviction. The entire record suggests that the transaction upon which appellant was prosecuted was that testified to by the officers, and the other transaction was introduced to show that appellant was in possession of the two half-gallons of whiskey for the purpose of sale. It was necessary to allege and to prove in this case that the whiskey in question was possessed by appellant for the purpose of sale, and the testimony of Russell was admitted without objection apparently as tending to prove this statutory element of the offense charged in the indictment. This transaction was so related to the crime charged, and in such juxtaposition to it as to make it clearly admissible, though it amounted to proof of a collateral crime. Johnson v. State, 266 S. W. 155. Underhill's Criminal Evi-

dence, Third Edition, Sec. 151. It has been frequently held that testimony does not have to be limited where it can be used only by the jury for the purpose for which it was introduced. Leeper v. State, 29 Tex. Crim. Rep. 69. Branch's P. C., Sec. 189. For this same reason, under the peculiar facts of this case, we do not think any election was required. If there was danger of its appropriation by the jury as a basis for conviction, it could and should have been limited, but no request for such limitation nor exception to the Court's failure to do so appears in the record. If necessary to do either, we think this record presents a case where the Court should limit the evidence rather than one where an election was required. Its purpose must have been clearly apparent to appellant, as no bill of exception to its admissibility seems to have been taken. Facts of other cases prosecuted under this statute might demand an election, but under those present here we do not think the Court erred in refusing to require the State to elect between proof of the offense charged in the indictment and proof of a collateral offense intended and evidently understood as introduced only to prove one of the elements of the offense charged.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MARTIN, JUDGE.—Appellant insists on motion for rehearing that we erred in holding that it was not necessary under the facts of the instant case for the State to elect upon which of two proven transactions it asked for a conviction. There is some conflict between the bill of exception presenting the matter and the statement of facts. We are bound, however, in such case by the bill of exception approved by the Judge.

A careful reconsideration of appellant's bill of exception has convinced us that we were in error in our original holding. It sufficiently appears by said bill that the State proved a sale of whiskey by the witness Neal Russell some week or so prior to the transaction testified to by the officers. This witness testified he saw the appellant sell three gallons, which appears to be an entirely separate and distinct transaction from that testified to by the officers and which could have been appropriated by the jury as a basis for conviction.

In such a case it was the duty of the State to elect. The authorities on this point have been recently collated in the case of Stringer v. State, No. 11949, not yet officially reported. There may be cases where only an election is demanded, others where only a limitation of the testimony is required and still others where the accused is entitled to both an election and limitation, upon proof of another offense. The particular facts of each case must determine this, but a discussion of these rules here would be academic under the issues of law present in this record.

Appellant contends that the whiskey found by the officers had been planted there and that appellant knew nothing of its presence and that the raid was engineered by appellant's father-in-law, who desired to obtain possession of his business. This he claims is supported by testimony showing that appellant invited the officers to come and search his premises and by other testimony showing that appellant's father-in-law expressed a desire for appellant's business and actually came and endeavored to take possession of same after his conviction. The Court failed to affirmatively present this defense to the jury. We hardly think that appellant's exception sufficiently raised the question, but, in view of another trial, we suggest that this issue be properly covered by an appropriate instruction.

For the error pointed out appellant's motion for rehearing is granted and the affirmance set aside and this cause reversed and remanded for a new trial.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.