## J. W. Coons v. The State.

No. 12861.    Delivered December 4, 1929.

The opinion states the case.

*T. B. Ridgell,* of Breckenridge, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

Appellant lived on a thirty acre farm.   Immediately south of his house was a garage.   South of the garage and within a few feet of it, was an enclosure of land which was a part of appellant's farm. Operating under a purported search warrant, officers searched the enclosure referred to and found therein, buried in the ground, about eight gallons of whiskey.   While they were digging up the whiskey, appellant came into the field and told the officers that someone had planted the whiskey there while he was away.

The court held that the description of the premises set forth in the affidavit and search warrant was insufficient, but permitted the officers to testify touching the result of the search on the theory that the enclosed land upon which they found the whiskey was not so connected with appellant's dwelling as to render it an appurtenance necessary for the domestic comfort of said dwelling house. Upon this question the officers testified that the enclosure was a

field. Appellant's wife testified, as well as other witnesses, that said enclosure was used as a garden. In short, there was an issue as to whether the land in question was within the curtilage. Appellant timely and properly objected to the failure of the court to submit such issue to the jury. The objection was overruled. The state relied entirely upon the testimony of the searching officers. None of appellant's witnesses testified to the same criminative facts detailed by the officers. We quote from Wolf v. State, 9 S. W. (2d) 350 as follows:

"It is apparent from the precedents that the immunity from interference is founded upon the desire to give effect to the idea that 'a man's home is his castle'; that an unreasonable search is one which trenches upon the peaceful enjoyment of the house in which he dwells or in which he works and does business, and those things connected therewith, such as gardens, outhouses, and appurtenances necessary for the domestic comfort of the dwelling house or that in which the business is conducted. In its limitations, the immunity intended is analogous to that which applies to the curtailage of which the common law speaks, and does not render unreasonable the search of woods, fields, ravines, or open spaces not so connected with the place of business or dwelling, though owned by the same individual. See State v. Shaw, 31 Me. 523; Cook v. State, 83 Ala. 62, 3 So. 849, 3 Am. St. Rep. 688; Washington v. State, 82 Ala. 31, 2 So. 356; State v. Hecox, 83 Mo. 531; Cornelius on Search and Seizure, section 25, p. 88."

There being an issue as to whether the land upon which the whiskey was found was an appurtenance so connected with the dwelling house as to be necessary to the peaceful enjoyment of said dwelling, it was the prerogative of the jury to solve the question.

Appellant was not present in the field when the search began. The whiskey was buried in the ground. Whether it appeared to have been buried recently was not disclosed. Others had theretofore had possession of the farm. The most that can be said is that the whiskey was found buried in a field over which appellant had control. Hence it would appear that the question of possession, that is, the care, control, and management of the whiskey, was an inference to be drawn from circumstances. This being true, the case is necessarily one of circumstantial evidence. Hightower v. State, 299 S. W. 413. Appellant timely and properly objected to the failure of the court to submit the law of circumstantial evidence. The court erred in refusing to submit the charge.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.