TUNE MCMILLAN V. THE STATE.

No. 17605. Deelivered June 5, 1935.

The opinion states the case.

*Jones & Jones,* of Mineola, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession for the purpose of sale of spirituous liquor capable of producing intoxication; the penalty confinement in the penitentiary for one year.

Appellant's daughter and her husband lived in the same house with appellant and his wife. There was a garage or chicken house approximately thirty steps from the residence. There was no fence around the house. There was a smokehouse five or six steps from the dwelling house. Operating under a search warrant, officers visited appellant's home on the 27th of January, 1934, for the purpose of searching for intoxicating liquor. As one of the officers entered the house he heard parties running to the kitchen. Following them, he observed appellant's wife, her daughter and appellant. He testified that appellant's wife was endeavoring to break a pint bottle of whisky. The other officer said that appellant's daughter made the attempt to break the bottle. In any event, the bottle was not broken and went through a hole in the floor. The officer recovered it. In the meantime, according to the officer's testimony, appellant

went into another room, where a fire was burning in the fireplace. Following him, the officer observed a pint bottle which had been broken in the fire. He detected the odor of whisky. He testified that whisky was burning in the fire. In the room with appellant was another negro man by the name of Lewis James. In the smokehouse the officers discovered some home brew which had been buried. In the chicken house or garage they dug up two half-gallons of whisky. They testified that the soil was moist and that it appeared that the whisky had been recently buried. They also found a ten gallon keg and a syphon hose in the smokehouse. They testified that the keg had contained whisky. There was no testimony that appellant's son-in-law, who lived with him in the house, was present when the search was made and it does not appear that he was called by either side to testify.

Appellant testified that some white men had camped near his chicken house two days before the discovery of the whisky by the officers. He testified, further, that he possessed no whisky on the occasion of the search and did not know the whisky the officers discovered in the chicken house had been buried there. He said he saw some whisky on the running board of the car the campers were driving, but did not know that any whisky had been brought to his home. As to the home brew he admitted he owned it and had placed it in the smokehouse. He denied that there was a ten gallon keg on his premises which had contained whisky. Again, he denied that he threw whisky in the fire. Appellant's daughter corroborated his statement to the effect that three white men had camped near the smokehouse two days prior to the raid. She testified that these men had given her mother a pint of whisky to be used as medicine for the sick baby of the witness. It appears that Lewis James was not available as a witness.

Appellant timely and properly excepted to the failure of the court to submit the law of circumstantial evidence. The proof failed to show that there was as much as a quart of whisky in appellant's residence. It is true that more than a quart was found some thirty steps away in a garage or chicken house over which appellant had control. Appellant's daughter and son-in-law lived in the house with appellant and his wife. The daughter was present when the search was made, and, according to the testimony of one of the officers, endeavored to break a pint of whisky, although the other officer testified that appellant's wife was endeavoring to break it. There was in the house at the time the search was made, besides appellant, his

wife and daughter, the negro Lewis James, who was not available as a witness. Appellant's son-in-law was not called to testify. Under the circumstances, we think the question of possession, that is, the care, control and management of the whisky found in the chicken house or smokehouse was an inference to be drawn from circumstances, and, being such inference, the case is necessarily one of circumstantial evidence. See Coons v. State, 22 S. W. (2d) 459, and authorities cited.

Appellant was charged with possessing the whisky, and under the indictment the conviction could not be predicated upon the possession of the home brew.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.