**Ex parte Manuel Rodriguez GARCIA, Applicant.**

**Nos. 52,554–01, 52,554–02.**

Court of Criminal Appeals of Texas.

May 14, 2003.

---

Andrew M. Chatham, Dallas, for appellant.

Katherine A. Drew, Assist. DA, Dallas, Matthew Paul, State's Attorney, Austin, for state.

PRICE, J., filed this statement concurring in the denial of the application, in which JOHNSON, HOLCOMB, and COCHRAN, JJ., joined.

I agree with the Court that the applicant's application for a writ of habeas corpus should be denied. I write to explain my reasons for doing so. The record does not support the applicant's claim that he is innocent.

The applicant pleaded guilty in two cases to possession with intent to deliver more than 400 grams each of cocaine and methamphetamine. The convicting court sentenced the applicant to fifteen years' imprisonment and $1000 fine on each charge. Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, he filed this application for writ of habeas corpus. He claims that he is actually innocent of the offense of which he was convicted. He claims that newly-discovered evidence shows that the confidential informant and officers involved with the appellant's case planted evidence in other cases. He claims that evidence now exists the confidential informant and the officers planted evidence in his case to secure a conviction and financial reward.

When the case was filed in the convicting court, it adopted findings of fact and conclusions of law. It found that the officers and their agents were suspected of planting evidence in several other cases and that this evidence undermined the credibility of these people. It recommended that we grant relief in the interest of justice because of the problems with the credibility of the officers and informant.

After receiving the application and the convicting court's findings and conclusions, we remanded the case. In our order dated September 11, 2002, we said that the findings from the convicting court indicated that the officers and informant had been suspected of planting evidence in other cases, but the findings were not specific enough to resolve the issues presented in the application. We said that the convicting court should determine (1) what evidence the State would have produced if the applicant had not pleaded guilty, (2) what evidence shows that the intended evidence would not have been credible, and (3) whether the intended evidence in this case was falsely manufactured by agents of the State. On remand, the convicting court adopted additional findings of fact and conclusions of law.

Regarding the first question, the convicting court found that if the cases had proceeded to trial, the State would have offered the testimony of Officer Mark De La Paz and informant Jose Ruiz Serrano. Both would have testified, based on personal knowledge, about the facts of the case. The State would have also called a detective to testify as an expert about intent to distribute. In addition, the State would have offered a laboratory report showing that the substances that the applicant possessed were tested and shown to be cocaine (488 grams) and methamphetamine (439 grams).

Regarding the second question, the convicting court found that Serrano had pleaded guilty to federal charges that he and other coconspirators had planted substances purported to be controlled substances on unsuspecting individuals, knowing that the substances were counterfeit. Also, the Department of Justice is investigating De La Paz for suspected involvement with Serrano in the conspiracies.

Regarding the third question, the convicting court found that there was no evidence showing that the evidence in the applicant's cases was falsely manufactured by agents of the State. A laboratory report admitted during the habeas proceedings showed that the controlled substances that the applicant pleaded guilty to possessing were, in fact, controlled substances. Although the federal plea papers indicate that Serrano and his co-conspirators planted counterfeit drugs on people in other cases, there is no evidence that Serrano planted drugs in the applicant's case.

Without reference to our questions, the convicting court found that Serrano was a material witness to the allegations against the applicant and that the federal investigation and Serrano's guilty plea cast doubt on Serrano's credibility. Also, the court noted, the State does not oppose granting relief to the applicant in the interest of justice. The convicting court recommended that we grant the applicant relief because Serrano's credibility had been seriously undermined and without his testimony, the State's ability to proceed to trial was called into question.

A bare innocence claim, or *Herrera*-type[1] claim, like the one the applicant raises in this case, "involves a substantive claim in which applicant asserts his bare claim of innocence based solely on newly discovered evidence." *Ex parte Franklin,* 72 S.W.3d 671, 675 (Tex.Crim.App.2002) (citing *Schlup v. Delo,* 513 U.S. 298, 314, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Ex parte Elizondo,* 947 S.W.2d 202, 208(Tex.Crim.App.1996)). To be granted relief on a bare innocence claim, the applicant must show that the new evidence unquestionably establishes his innocence. *Elizondo,* 947 at 208–09. We interpreted this to mean that the applicant must prove by clear and convincing evidence that no reasonable juror would have convicted the applicant in light of the new evidence. *Id.* at 209. To determine whether a habeas applicant has reached this level of proof, the convicting court weighs the evidence of the applicant's guilt against the new evidence of innocence. *Id.* at 207. In *Ex parte Franklin,* we held that the newly discovered evidence must be affirmative proof of innocence; the applicant must do more than attack the credibility of the State's case. *Franklin,* 72 S.W.3d at 678. In *Franklin,* we said that affirmative evidence of innocence may include trustworthy witness recantations, exculpatory scientific evidence, trustworthy eyewitness accounts, and critical physical evidence. *Id.* at 678 n. 7.

The habeas record in this case does not contain affirmative evidence of the applicant's innocence. The evidence in the record supports a finding that two of the witnesses that the State would have offered, if the parties had proceeded to trial, would be much less credible today than at the time of the applicant's guilty plea. The applicant claims that he is innocent of the offense because the Serrano and De La Paz planted evidence on individuals in *other cases.* Significantly, the applicant presents nothing to show that the evidence *in his case,* more than 900 grams of controlled substances, was planted. He must do more than undermine the State's case. He must show evidence that affirmatively proves his innocence.

Because the habeas record does not support the trial court's recommendation to grant relief, we have no choice under the law but to deny the application.

1. *See Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).