FILED IN
COURT OF CRIMINAL APPEALS

November 13, 2015

ABEL ACOSTA, CLERK

PD-0730-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/13/2015 2:48:47 PM
Accepted 11/13/2015 2:57:12 PM
ABEL ACOSTA
CLERK

No. PD-0730-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

DALLAS CARL TATE, Appellant

v.

THE STATE OF TEXAS, Appellee

Appeal from Montague County

\* \* \* \* \*

**STATE'S BRIEF ON THE MERITS**

\* \* \* \* \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No.13803300

JOHN R. MESSINGER
Assistant State Prosecuting Attorney
Bar I.D. No. 24053705

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

## NAMES OF ALL PARTIES TO THE TRIAL COURT'S JUDGMENT

*The parties to the trial court's judgment are the State of Texas and Appellant, Dallas Carl Tate.

*The case was tried before the Honorable Jack A. McGaughey, 97th Judicial District Court, Montague County, Texas.

*Counsel for Appellant at trial was Jeannette Richmond, Richmond Law Office, 900 8th Street, Suite 115, Wichita Falls, Texas 76301.

*Counsel for Appellant on appeal was Lynn Switzer, P.O. Box 2040, 406 N. Grand Ave., Suite 108, Gainesville, Texas 76241.

*Counsel for the State at trial was Paige Williams, District Attorney, and Casey Hall, Assistant District Attorney, 97th Judicial District, P.O. Box 55, Montague, Texas 76251.

*Counsel for the State on appeal was Zachary Renfro, Special Prosecutor, 304 Clay St., Nocona, Texas 76255.

*Counsel for the State before this Court is John R. Messinger, Assistant State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711.

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      **I.**     **The law of possession and sufficiency review** . . . . . . . . . . . . . . . . 5

      **II.**    **Application** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      **III.**   **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# INDEX OF AUTHORITIES

**Cases**

*Abercrombie v. State*, 528 S.W.2d 578 (Tex. Crim. App. 1974) . . . . . . . . . . . . . . 7

*Aston v. State*, 01-07-00427-CR, 2009 Tex. App. LEXIS 9568 (Tex. App.–Houston [1st Dist.] Dec. 17, 2009, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Coons v. State*, 22 S.W.2d 459 (Tex. Crim. App. 1929) . . . . . . . . . . . . . . . . . . . . 8

*Duncantell v. State*, 563 S.W.2d 252 (Tex. Crim. App. 1978) . . . . . . . . . . . . . . . 9

*Evans v. State*, 202 S.W.3d 158 (Tex. Crim. App. 2006) . . . . . . . . . . . . . 5, 6, 7, 10

*Ex parte Garcia*, 104 S.W.3d 902 (Tex. Crim. App. 2003) . . . . . . . . . . . . . . . . . . 9

*Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . 7

*Mendoza v. State*, 492 S.W.2d 489 (Tex. Crim. App. 1973) . . . . . . . . . . . . . . . . . 9

*Murray v. State*, 457 S.W.3d 446 (Tex. Crim. App. 2015) . . . . . . . . . . . . . . . . . . 7

*Poindexter v. State*, 153 S.W.3d 402 (Tex. Crim. App. 2005) . . . . . . . . . . . . . . 5, 6

*Ramos v. State*, 478 S.W.2d 102 (Tex. Crim. App. 1972) (rehearing) . . . . . . . . . . 8

*Sims v. State*, 13 S.W.2d 98 (Tex. Crim. App. 1929) (rehearing) . . . . . . . . . . . . . 9

*Tate v. State*, 463 S.W.3d 272 (Tex. App.–Fort Worth 2015) . . . . . . . . . . . . 2, 6, 8

*Taylor v. State*, 604 S.W.2d 175 (Tex. Crim. App. 1980) . . . . . . . . . . . . . . . . . . . 9

**Statutes and Rules**

TEX. CODE CRIM. PROC. art. 38.04 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

No. PD-0730-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

DALLAS CARL TATE,                                                    Appellant

v.

THE STATE OF TEXAS,                                                 Appellee

* * * * *

**STATE'S BRIEF ON THE MERITS**

* * * * *

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now the State of Texas, by and through its State Prosecuting Attorney,

and respectfully presents to this Court its brief on the merits.

## STATEMENT OF THE CASE

The court of appeals acquitted appellant of possession of a controlled substance,

holding that "the only link between Tate and the syringe was that Tate was the driver

and purported owner of the vehicle in which the syringe was found in a location that

would have been conveniently accessible to both Tate and [a passenger]."[1]

## STATEMENT REGARDING ORAL ARGUMENT

---

[1]    *Tate v. State*, 463 S.W.3d 272, 276 (Tex. App.–Fort Worth 2015).

1

Oral argument was not requested.

## ISSUE PRESENTED

**Did the court of appeals ignore multiple rules of sufficiency review and substitute its judgment for the jury's when it held there was insufficient evidence connecting appellant to the contraband found in plain view in the center console of a car that he owned and was driving?**

## STATEMENT OF FACTS

Detective Rick Beckham stopped a Pontiac Grand Prix driven by appellant because appellant was wanted on two warrants.[2] There was one passenger in the front, one in the back, and a dog.[3] The front passenger was Bonita Proctor.[4] The rear passenger was Sherita Yvonne Hale, a friend of Proctor's.[5]

Beckham immediately asked appellant to step out and escorted him to the rear of the Grand Prix.[6] From there, Beckham could "clearly" see Proctor moving, but he did not see her reach over towards the area of the air-conditioning controls.[7] Appellant told Beckham he owned the car but "hadn't had any paperwork transferred

---

[2]    3 RR 12-13, 16, 24, 60.

[3]    3 RR 13, 24.

[4]    3 RR 58.  Beckham believed her name was "Berta" Proctor.  3 RR 13.

[5]    3 RR 14, 58.

[6]    3 RR 25, 59.

[7]    3 RR 27-28, 30-31.

2

yet."[8] The car was not reported stolen.[9] After Beckham confirmed the warrants, he arrested appellant.[10]

Beckham removed the passengers after requesting a unit to transport appellant to jail.[11] They had remained inside the Grand Prix for roughly five minutes.[12] Beckham searched their purses and found nothing.[13] When DPS Trooper Rachel Russell arrived, she searched the female passengers.[14] She found nothing.[15]

Beckham then impounded the vehicle and conducted an inventory pursuant to a written policy.[16] Beckham found a syringe containing .24 grams of methamphetamine in an open compartment underneath the radio and climate controls.[17] It was in plain view and directly to the right of the driver's seat.[18] It would

---

[8]   3 RR 14-15, 32, 60.

[9]   3 RR 32.

[10]   3 RR 13.

[11]   3 RR 25.

[12]   3 RR 24-25, 28.

[13]   3 RR 14.

[14]   3 RR 27, 36.

[15]   3 RR 36.

[16]   3 RR 15.

[17]   3 RR 18, 48, 64.

[18]   3 RR 18, 28, 60, 63.

have been easily accessed by the driver and front passenger but not within reach of the backseat passenger.[19]

Appellant testified. He admitted to three prior convictions, including one for drug possession.[20] But he denied placing or having any knowledge of the syringe in the compartment, and wondered which of his passengers put it there.[21] Appellant and Proctor "dated for a time," and he knew both passengers to have been "charged with drug-related offenses."[22]

## SUMMARY OF THE ARGUMENT

Rather than view the evidence linking appellant to the meth-filled syringe in the light most favorable to the verdict, the court of appeals ignored some of the evidence, re-weighed other evidence, focused on links that were not present, and substituted its inferences for those of the jury. When viewed with proper deference to the role of the jury, the evidence shows that drug-filled paraphernalia was found in plain view and within reach of appellant in his own car. When combined with his history with drugs and decision to associate with people he knew to be involved in drugs, a rational jury

---

[19]  3 RR 18, 28-29, 64.

[20]  3 RR 57-58. Appellant claimed he pled guilty to that charge because he "was guilty" and served five years concurrent with an escape charge. 3 RR 57.

[21]  3 RR 60, 63-65.

[22]  3 RR 58.

4

could have determined that his presence there was not merely fortuitous.

## ARGUMENT

## I. The law of possession and sufficiency review

To prove unlawful possession of a controlled substance, the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband.[23] Possession need not be exclusive.[24] However, mere presence at the location where contraband is found is not enough.[25]

In order to protect innocent bystanders from conviction based solely upon "fortuitous proximity" to someone else's drugs, this Court requires evidence that, when combined with proximity, links the defendant to the contraband.[26] Courts of appeals, including the court below, have compiled lists of possible links.[27] Some are obvious, such as finding drugs or drug paraphernalia on the defendant.[28] The rest fall

---

[23]   *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

[24]   *Id*. at 412 ("The mere fact that a person other than the accused might have joint possession of the premises does not require the State to prove that the defendant had sole possession of the contraband . . . .").

[25]   *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

[26]   *Poindexter*, 153 S.W.3d at 406.

[27]   *Tate v. State*, 463 S.W.3d 272, 275 (Tex. App.–Fort Worth 2015).

[28]   *Id*. ("whether . . . (7) drug paraphernalia was . . . found on the accused; (9) the accused had
(continued...)

5

into three basic categories:

- Whether the presence of drugs should have been apparent to anyone present.[29]

- The defendant's relationship to the place.[30]

- The defendant's relationship to the other persons present.[31]

These links "are not a litmus test."[32] Notably, whether the defendant was present when the search was conducted is merely one of the factors to be considered.[33] And

---

[28](...continued)
a special relationship to the drug; (10) the accused possessed other contraband or narcotics when arrested; (11) the accused was under the influence of narcotics when arrested; [and any] (12) affirmative statements connected the accused to the drug; . . . (14) the accused was found with a large amount of cash . . . .").

[29] *Id.* ("whether the contraband was (1) in plain view; (2) conveniently accessible to or found on the same side of the car as the accused; . . . (5) found in an enclosed space; whether (6) the odor of narcotics was present; (7) drug paraphernalia was present [or] in view of . . . the accused; . . . (15) the amount of contraband found was large enough to indicate that the accused knew of its existence . . . .").

[30] *Id.* ("whether the contraband was . . . (3) in a place owned, rented, possessed, or controlled by the accused; (4) in a car driven by the accused; . . . (13) the accused was present when the search was conducted and whether others were present at the time of the search . . . .").

[31] *Id.* ("(16) the accused's relationship to other persons with access to where the drugs were found.").

[32] *Evans*, 202 S.W.3d at 162 n.12.

[33] *See, e.g.*, *Abercrombie v. State*, 528 S.W.2d 578 (Tex. Crim. App. 1974) (op. on rhr'g), in which the lessee (and second defendant in that appeal), Dean, was absent when the house was searched but Abercrombie and another were present. *Id.* at 586. This Court held,

> While Dean was not present at the time of the search, the house was under his control, marihuana was literally everywhere, and he *or someone in the house* had accepted the marihuana brought by [a neighbor] after Dean's conversation with him. We conclude the evidence was sufficient to support the verdict of guilty as to both Dean and Abercrombie.

*Id.* at 586-87 (emphasis added).

6

it is not the number of links that is dispositive, but rather the logical force of all of the evidence—direct and circumstantial—combined with rational inferences therefrom.[34]

As with all sufficiency review, it is "the jury's prerogative to weigh the evidence, to judge the credibility of the witnesses, and to choose between conflicting theories of the case."[35] This means that focusing on the evidence that was not admitted at trial, or the reasonableness of alternative hypotheses, is not permitted.[36]

## II. Application

The evidence shows that appellant "possessed" the meth-filled syringe. Appellant was not in the wrong place at the wrong time; he was in the driver's seat of his own car. He was no stranger to drugs; he previously agreed to serve five years for possession of a controlled substance. He was not the victim of unlucky association; he invited into his car people he knew had a history with drugs. He had dated one of them. In light of the circumstances, the conclusion that appellant 1) knew the syringe within his reach and in plain view was contraband, and 2) exercised control, management, or care over the substance, is rational.

As always, more evidence is better. The court of appeals is correct that the

---

[34] *Evans*, 202 S.W.3d at 162.

[35] *Geesa v. State*, 820 S.W.2d 154, 159 (Tex. Crim. App. 1991); *see also* TEX. CODE CRIM. PROC. art. 38.04 ("The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony . . . .").

[36] *Murray v. State*, 457 S.W.3d 446, 448-49 (Tex. Crim. App. 2015).

syringe was not fingerprinted,[37] it was not seen before appellant stepped out of the Grand Prix,[38] and there is no evidence that the syringe was not in the exclusive possession of Proctor or Hale when appellant left the vehicle.[39] Filling any of these gaps would have made the State's case better. But their absence does not render the evidence insufficient.

Nor does the possibility that one of his passengers placed the syringe in the console after appellant stepped out of his car. This is hardly the first case in which the defendant claimed that contraband had been deposited in or on his property in his absence and without his knowledge.[40] It is not even the first case in which a driver claimed a passenger planted drugs and paraphernalia after he exited the car.[41] Had

---

[37]  *See Tate*, 463 S.W.3d at 276 n.3.

[38]  *Id*. at 276 n.4.

[39]  *Id*. at 276 n.5.

[40]  *See*, *e.g.*, *Ramos v. State*, 478 S.W.2d 102, 103 (Tex. Crim. App. 1972) (op. on reh'g) ("Upon being shown the warrant and informed of the purpose of the officer's visit, appellant stated that if the officers 'did find anything there, somebody else had planted it there.'"); *Coons v. State*, 22 S.W.2d 459, 459 (Tex. Crim. App. 1929) ("Operating under a purported search warrant, officers searched the enclosure referred to and found therein, buried in the ground, about eight gallons of whiskey. While they were digging up the whiskey, appellant came into the field and told the officers that someone had planted the whiskey there while he was away."); *Sims v. State*, 13 S.W.2d 98, 99 (Tex. Crim. App. 1929) (op. on reh'g) ("Appellant contends that the whiskey found by the officers had been planted there and that appellant knew nothing of its presence and that the raid was engineered by appellant's father-in-law, who desired to obtain possession of his business.").

[41]  *See*, *e.g.*, *Aston v. State*, 01-07-00427-CR, 2009 Tex. App. LEXIS 9568 (Tex. App.–Houston [1st Dist.] Dec. 17, 2009, pet. ref'd) (not designated for publication). Aston exited the car he was driving immediately upon stopping. *Id*. at *2. The officer had a "clear view" of the passenger

(continued...)

appellant no passengers to blame, he could have blamed Detective Beckham.[42] Jurors

are more than capable of determining the weight to be given these claims, even

without Beckham's testimony that he had a clear view of the passengers and never

saw either of them reach toward the console.

Moreover, the jury did not simply reject an alternative theory presented by

defense counsel—it rejected the theory out of appellant's own mouth. Although it is

conceivable that a jury could find a testifying defendant to be wholly incredible yet

still agree with his version of events, it cannot be irrational to do the opposite.

---

[41](...continued)
"making all kinds of movements with his hands, reaching down his body, reaching around his body, reaching down towards the floorboard" but he told the jury that the passenger's movements were limited to the passenger side of the vehicle. *Id*. at *2, 14. A crack pipe was found on the passenger once he was removed from the car, and crack paraphernalia was found under the front passenger's seat. *Id*. at *3-4. Drugs and other paraphernalia were also found under the driver's seat. *Id*. at *4. However, the passenger was under the influence while Aston was not, and Aston possessed no paraphernalia on his person. *Id*. at *13. Like appellant, Aston denied any knowledge of the illegal drugs or drug paraphernalia recovered from the car and testified that he believed that his passenger had placed the illegal drugs in the car. *Id*. at *6. The court of appeals rejected Aston's argument. It held the evidence legally and factually sufficient when the evidence was viewed in the light most favorable to the verdict and the proper deference was shown to the jury's fact findings. *Id*. at *15, 17-18.

[42] *See*, *e.g.*, *Ex parte Garcia*, 104 S.W.3d 902, 903 (Tex. Crim. App. 2003) (Price, J., concurring) ("[Garcia] claims that evidence now exists the confidential informant and the officers planted evidence in his case to secure a conviction and financial reward."); *Taylor v. State*, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980) ("The trial court stated that he did not believe appellant's testimony that she had no knowledge of the marihuana and that the police planted it in her home."); *Mendoza v. State*, 492 S.W.2d 489, 492 (Tex. Crim. App. 1973) ("Appellant denied possession of any heroin, and contended that it was planted on him by one of the officers."). Some accusations are more far-reaching. *See Duncantell v. State*, 563 S.W.2d 252, 256 (Tex. Crim. App. 1978) ("According to the officer, appellant told him that Houston Mayor Louie Welch had conspired to have the marihuana planted on him.").

## III.    Conclusion

As this Court said when it rebuked the court of appeals in *Evans* for its consideration of alternative inferences and missing links, "The jury presumably went through exactly the same weighing of evidence, credibility assessments, and alternative-explanation exercises and came to the opposite conclusion, *i.e.*, appellant was connected to the drugs. Under federal and Texas law, juries trump both trial and appellate judges on weight-of-evidence determinations."[43]   This Court found the evidence sufficient in *Evans*. The result should be no different in this case.

---

[43]    *Evans*, 202 S.W.3d at 164.

## **PRAYER FOR RELIEF**

WHEREFORE, the State of Texas prays that the Court of Criminal Appeals

reverse the judgment of the Court of Appeals.

Respectfully submitted,


   /s/ John R. Messinger
JOHN R. MESSINGER
Assistant State Prosecuting Attorney
Bar I.D. No. 24053705

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that according to the WordPerfect word count tool this

document contains 3,122 words.


   /s/ John R. Messinger
John R. Messinger
Assistant State Prosecuting Attorney

11

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of November, 2015, a true and correct copy of the State's Brief on the Merits has been eFiled or e-mailed to the following:

Zachary Renfro
Special Prosecutor
304 Clay St.
Nocona, Texas 76255
renfrolawoffice@gmail.com

Paige Williams
District Attorney
P.O. Box 55
Montague, Texas 76251
paige.williams@co.montague.tx.us

Lynn Switzer
P.O. Box 2040
406 N. Grand Ave., Suite 108
Gainesville, Texas 76241
lynn.switzer@thesolawfirm.com

   /s/ John R. Messinger
John R. Messinger
Assistant State Prosecuting Attorney