

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00179-CR

DALLAS CARL TATE                                                          APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY
TRIAL COURT NO. 2013-0163M-CR

----------

## OPINION

----------

## I. Introduction

In one issue, Appellant Dallas Carl Tate challenges the sufficiency of the evidence used to support his conviction for possession of a controlled substance. Specifically, Tate argues that the evidence does not prove that he possessed the syringe containing the controlled substance found near the front-seat air-

conditioning unit of his car during an inventory search.  We will reverse the trial court's judgment and render a judgment of acquittal.

## II. Facts

Sergeant Rick Beckham, a detective with the Bowie Police Department, testified that around 2:00 p.m. on December 3, 2012, he pulled Tate over because he believed him to have outstanding warrants.  Accompanying Tate were two female passengers—Bonita Proctor and Sherita Yvonne Hale—and a dog.

Tate exited the vehicle upon the officer's request while the women remained in the car.  Sergeant Beckham testified that he took Tate to the rear of the vehicle, informed him about the warrants, confirmed the warrants, secured the property Tate had on his person, handcuffed him, contacted dispatch to request transportation, and then placed Tate into custody.  After that, Sergeant Beckman testified that he and Tate waited near the rear of the vehicle for a patrol unit to arrive to transport Tate to jail.

From where he was standing during this process, Sergeant Beckham said that he had a clear view of Proctor, the front-seat passenger, and he did not see her reach toward the air conditioning unit or in that general direction.  However, he also testified that, because Proctor was moving around a lot and he could not tell exactly what she was doing, he asked both women to step out of the vehicle.  According to the officer, the women exited the vehicle approximately five minutes after he had removed Tate from the vehicle.

2

When Bowie Police Officer Mark Robertson and State Trooper Rachel Russell arrived to assist Sergeant Beckham, Sergeant Beckham directed Officer Robertson to transport Tate to jail. He then reported to Trooper Russell that the female passengers had been moving around a lot in the vehicle and he requested that she search them.[1] Trooper Russell did so, and found no contraband.

Although the vehicle was not registered in his name and he was unable to provide any paperwork demonstrating his ownership, Tate claimed that he owned the vehicle. One of the female passengers also claimed ownership of the vehicle; however, she, too, could provide no proof. Therefore, pursuant to the Bowie Police Department's written impoundment policy, Sergeant Beckham impounded the vehicle. The vehicle was later inventoried at the scene, at which time Sergeant Beckham discovered a syringe filled with a brown liquid substance—later identified by an expert as 0.24 grams of methamphetamine—located in an open compartment underneath the air conditioner/heater control panel. Sergeant Beckham described the compartment as "directly to the right" of the driver's seat. He further testified that while both Tate and Proctor could have

---

[1]Sergeant Beckham testified that by this time he had already requested and obtained permission to search the women's purses and found no contraband.

reached out and touched the compartment, he did not believe Hale, the back-seat passenger, could.[2]

At the conclusion of the trial, the jury found Tate guilty of possession of a controlled substance, namely, methamphetamine, in an amount of less than one gram. The trial court sentenced Tate to two years' confinement.

### III. Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170.

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Dobbs*, 434 S.W.3d at 170. Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.

---

[2]Tate disagreed, testifying that Hale could also have accessed the compartment if she had leaned forward between the two seats.

4

Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011); *see Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Dobbs*, 434 S.W.3d at 170.

### IV. Analysis

A person commits the offense of possession of a controlled substance if he knowingly or intentionally possesses a controlled substance listed in Penalty Group 1, which includes methamphetamine. Tex. Health & Safety Code Ann. §§ 481.102(6), .115(a) (West 2010). To prove possession, the State must prove that the accused (1) exercised actual care, custody, control, or management over the substance and (2) knew that the matter possessed was a controlled substance. *Id.* § 481.002(38) (West 2010 & Supp. 2014); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). The State may prove the elements of possession through direct or circumstantial evidence; however, the evidence must establish that the accused's connection with the substance was more than fortuitous. *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005).

If the contraband is not found on the accused's person, independent facts and circumstances may "link" the accused to the contraband such that it may be justifiably concluded that the accused knowingly possessed the contraband.

5

*Evans*, 202 S.W.3d at 161–62; *Roberson v. State*, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Links are established by the totality of the circumstances, and no set formula necessitates a finding of a link sufficient to support an inference of knowing possession. *Wright v. State*, 401 S.W.3d 813, 819 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). The number of linking factors present is not as important as the "logical force" they create to prove that an offense was committed. *Roberson*, 80 S.W.3d at 735. The absence of various links does not constitute evidence of innocence to be weighed against the links present. *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976); *James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

Texas courts have identified a non-exhaustive list of links that may, alone or in combination with others, establish a person's knowing possession of contraband, including: whether the contraband was (1) in plain view; (2) conveniently accessible to or found on the same side of the car as the accused; (3) in a place owned, rented, possessed, or controlled by the accused; (4) in a car driven by the accused; or (5) found in an enclosed space; whether (6) the odor of narcotics was present; (7) drug paraphernalia was present, in view of, or found on the accused; (8) the accused's conduct indicated a consciousness of guilt (e.g., furtive gestures, flight, conflicting statements); (9) the accused had a special relationship to the drug; (10) the accused possessed other contraband or narcotics when arrested; (11) the accused was under the influence of narcotics

6

when arrested; (12) affirmative statements connected the accused to the drug; (13) the accused was present when the search was conducted and whether others were present at the time of the search; (14) the accused was found with a large amount of cash; (15) the amount of contraband found was large enough to indicate that the accused knew of its existence; and (16) the accused's relationship to other persons with access to where the drugs were found. *Evans*, 202 S.W.3d at 162, n.12; *Roberson*, 80 S.W.3d at 735, n.2; *Villegas v. State*, 871 S.W.2d 894, 897 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). These are simply some factors that may circumstantially establish the sufficiency of the evidence to prove a knowing "possession," but they are not a litmus test. *Evans*, 202 S.W.3d at 162, n.12. Each case must be examined on its own facts. *Roberson*, 80 S.W.3d at 736.

Because the syringe containing the methamphetamine was not found on Tate's person, linking factors must be present, sufficient to create a "logical force" to prove that Tate committed the offense. *See id.* at 735. On the record of this case, the only link between Tate and the syringe was that Tate was the driver and purported owner of the vehicle in which the syringe was found in a location that would have been conveniently accessible to both Tate and Proctor.[3] This, without more, is insufficient to support Tate's conviction. *See id.* at 736. ("[A]ppellant's status as the driver of the car is insufficient on its own to prove

---

[3]The syringe was not fingerprinted.

possession, but may help show legal sufficiency if combined with other evidence.")

The dissent argues that the syringe's location "in plain view in an open cubby in the car's console"[4] that was "conveniently accessible to Tate" is sufficient in addition to his vehicle ownership claim to link the syringe to him. However, in order to constitute a link, the evidence must logically connect the accused to the contraband such that it may be justifiably concluded that the accused knowingly possessed it. *Evans*, 202 S.W.3d at 161–62; *Roberson*, 80 S.W.3d at 735. Missing from the dissent's logical equation is any evidence that at the time Tate was removed from the car, the syringe was located in the compartment where it was later found. Although it was found in plain view after Proctor and Hale exited the vehicle, looking at the evidence in the light most favorable to the verdict, at least five minutes had elapsed before the women were removed from the vehicle, during which time they were moving around so much that Sergeant Beckham admitted he could not keep a proper eye on them and could not tell what they were doing.[5]

---

[4]There is no evidence that Sergeant Beckham saw the syringe from his vantage point when he first approached the vehicle or after removing Tate to the rear of the vehicle, all of which occurred during daylight hours.

[5]Also absent from the record is any evidence that the syringe was not in the possession of Proctor or Hale when Tate left the vehicle, which would have supported a logical inference that the syringe was in the compartment prior to Tate's removal from the vehicle. Although Sergeant Beckham testified that he searched their purses, there is no evidence indicating when he performed that search, except that it occurred prior to Russell's search, nor can the time be

8

The place where officers found the syringe was within reach of both Tate and Proctor. Although found in plain view at the time of inventory, there is no evidence that the syringe was in plain view or accessible to Tate at any time when Tate was inside the vehicle.[6]

The facts of this case bear a striking resemblance to the facts presented in *Roberson*, in which the court held that evidence is not legally sufficient when the State merely shows that a defendant was driving a vehicle containing narcotics. 80 S.W.3d at 736. In that case, Roberson was the driver of a vehicle containing two other passengers and 24 grams of cocaine. *Id*. at 741. The police discovered the drugs in the vehicle near where one of the passengers was seated, and upon arrest, Roberson reportedly displayed a "consciousness of guilt." *Id.* Nothing else linked Roberson to the cocaine—he was not under the influence at the time of arrest; there was no drug odor in the car; he was cooperative and made no furtive gestures; the cocaine was not found until almost

---

inferred from other facts in the record, since Sergeant Beckham's testimony on that point was not presented in the context of a sequential or chronological recitation of the events as they transpired. Without that context, or any testimony as to when in the series of events the search of purses occurred, logic will not permit an inference that because he searched their purses, he did so at any particular point in the sequence.

[6]And, contrary to what the dissent considers a reasonable inference, Tate's testimony with regard to what he probably would have done if he had known about the syringe is purely speculative and does not constitute evidence to link Tate to the syringe. *See Hernandez v. State*, 867 S.W.2d 900, 904 (Tex. App.— Texarkana 1993, no pet.) ("Evidence affirmatively connecting the accused to the contraband must amount to more than mere conjecture or speculation.")

9

twenty minutes had passed, during which time the two passengers remained in the vehicle; and no statements were made at the scene regarding the cocaine. *Id.* at 742. This evidence, the court held, even in the light most favorable to the verdict, "d[id] not create the logical force necessary to allow a rational juror to find, beyond a reasonable doubt, that [Roberson] had knowledge of the presence of cocaine." *Id.*

Although we are required to resolve any conflicting inferences in favor of the verdict, there can be no logical inferences from a complete gap in proof— either direct or circumstantial—as to whether the syringe was in that compartment at any point in time when Tate was also present in the vehicle. There is no evidence in this record that the syringe was ever in plain view or accessible to Tate.

On this record, the only link between Tate and the syringe at the time he was removed from the vehicle was that he was the driver and self-purported owner of the vehicle.[7] Therefore, a rational juror could not have determined

---

[7]We reject the dissent's contention that Tate's act of having his driver's license and proof of insurance out and ready when Officer Beckham approached the vehicle is another link to or any evidence of possession because this behavior is equally consistent with being a conscientious and law-abiding driver. *Cf. Bland v. State*, No. 01-13-00303-CR, 2014 WL 4855024, at *3 (Tex. App.— Houston [1st Dist.] Sept. 30, 2014, no pet.) (mem. op., not designated for publication) (stating that consciousness of guilt may be shown by flight, excessive nervous behavior, or an unsettled demeanor); *Wallace v. State*, No. 02-10-00196-CR, 2011 WL 4415024, at *2 (Tex. App.—Fort Worth Sept. 22, 2011, no pet.) (mem. op., not designated for publication) (stating that one of the links between appellant and the 6.36 grams of cocaine found in the driver's side

beyond a reasonable doubt from the evidence that Tate intentionally or knowingly exercised care, custody, management, or control over the syringe such as to constitute "possession" of the methamphetamine that was later found inside the vehicle.[8] Because we so hold, we sustain Tate's sole point.

## IV. Conclusion

Because the evidence is insufficient to support Tate's guilt, we reverse the trial court's judgment and render a judgment of acquittal. *See* Tex. R. App. P. 43.2(c), 51.2(d); *Greene v. Massey*, 437 U.S. 19, 24–25, 98 S. Ct. 2151, 2154–55 (1978); *Burks v. United States*, 437 U.S. 1, 16–18, 98 S. Ct. 2141, 2150–51 (1978); *Winfrey v. State*, 393 S.W.3d 763, 774 (Tex. Crim. App. 2013).

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: GARDNER, WALKER, and SUDDERTH, JJ.

WALKER, J., filed a dissenting opinion.

PUBLISH

DELIVERED: May 14, 2015

---

door pocket of his vehicle was his making furtive gestures when the officer asked for his driver's license and proof of insurance).

[8]In conducting the sufficiency analysis, we do not focus "on [our] own view of what was not proved," as the dissent suggests. Rather, we hold that, considering all of the evidence in this record, when viewed in the light most favorable to the verdict, the evidence simply does not constitute a "logical force" sufficient to prove possession by Tate.