PD-0730-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/28/2015 4:53:10 PM
Accepted 12/29/2015 4:34:56 PM
ABEL ACOSTA
CLERK

No. PD-0730-15

IN THE

## COURT OF CRIMINAL APPEALS

OF THE

## STATE OF TEXAS

_____

## DALLAS CARL TATE,
Appellant

v.

## THE STATE OF TEXAS,
Appellee

Appeal from Montague County

## APPELLANT'S BRIEF ON THE MERITS

Lynn Switzer
Texas Bar No. 24002213

Jeromie Oney
Texas Bar No. 24042248

Switzer | Oney Attorneys at Law
P.O. Box 2040
Gainesville, Texas 76241
(940) 665-6300 (phone)
(940)-665-6301(fax)

FILED IN
COURT OF CRIMINAL APPEALS

December 29, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................ii

INDEX OF AUTHORITIES.........................................................iii

STATEMENT OF THE CASE.........................................................1

STATEMENT REGARDING ORAL ARGUMENT...............................2

ISSUE PRESENTED.........................................................................2

STATEMENT OF FACTS...................................................................2

SUMMARY OF THE ARGUMENT.....................................................4

ARGUMENT AND AUTHORITIES....................................................4

      1. Standard of Review..............................................................4

      2. Authority.............................................................................5

      3. Analysis...............................................................................6

      4. Conclusion...........................................................................9

PRAYER FOR RELIEF....................................................................10

CERTIFICATE OF COMPLIANCE..................................................10

CERTIFICATE OF SERVICE..........................................................11

# INDEX OF AUTHORITIES

State Cases

*Brown v. State,* 911 S.W.2d 744, (Tex.Crim.App.1995)...............................……….5

*Deshong v. State,* 625 S.W.2d 327 (Tex.Crim.App.1981)...........................…..…….....6

*Dobbs v. State,* 434 S.W.3d 166 (Tex.Crim.App.2014)................................……….5

*Evans v. State,* 202 S.W.3d 158 (Tex.Crim.App.2006)..............................….....….8, 9

*Isassi v. State,* 220 S.W.3d 633 (Tex.Crim.App.2010)....................….……..........5

*Johnson v. State,* 658 S.W.2d 623 (Tex.Crim.App.1983)....................…...……….....6

*Poindexter v. State,* 153 S.W.3d 402 (Tex.Crim.App.2005)...........................…….6

*Robertson v. State,* 80 S.W.3d 730 (Tex.App.-Houston [1ˢᵗ Dist] 2002).......…. 7, 8

*Sorrels v. State,* 343 S.W.3d 152 (Tex.Crim.App.2011)...........................…...…….5

*Tate v. State,* 463 S.W.3d 272 (Tex.App.- Ft. Worth 2015) …....……...1, 4, 6, 7, 8, 9

Federal Cases

*Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 560 (1979) …………..5

Statutes

Tex. Health & Safety Code §§ 481.102(6), 115(1a), 002(38)..................…..……….5

Tex. Rules Evid. 404(b)(1)...................................................…..………..7

No. PD-0730-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

DALLAS CARL TATE,                                                    Appellant

v.

THE STATE OF TEXAS,                                                  Appellee

---

## **APPELLANT'S BRIEF ON THE MERITS**

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now Dallas Carl Tate, by and through his Counsel, and respectfully presents to this Court his brief on the merits.

### **STATEMENT OF THE CASE**

After a jury trial, Appellant was convicted of Possession of a Controlled Substance on April 10, 2014.[1]  On May 14, 2015 the Second Court of Appeals reversed the conviction of the trial court and entered a judgment of acquittal, holding "a rational juror could not have determined beyond a reasonable doubt from the evidence that Tate intentionally or knowingly exercised care, custody, or control over the syringe such as to constitute 'possession' of the methamphetamine that was later found inside the vehicle."[2]

---

[1] CR 44.
[2] Tate v. State, *463 S.W.3d 272, 277 (Tex.App.-Ft. Worth 2015)*.

1

The State filed a Petition for Discretionary Review on July 1, 2015. This Court granted the State's Petition for Discretionary Review on October 14, 2015.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument was not requested or granted by the Court.

## ISSUE PRESENTED

**The Court of Appeals properly held there was insufficient evidence connecting Appellant to the contraband located in the vehicle after he was removed from the vehicle.**

## STATEMENT OF FACTS

Dallas Tate was pulled over by Rick Beckham, a detective with the Bowie Police Department, because Beckham recognized Tate as someone having outstanding arrest warrants.[3] Beckham confirmed the reports and placed Tate in custody. At the time of the arrest there were two other individuals in the vehicle driven by Tate. Berta Proctor was in the front passenger seat and Yvonne Hale was in the passenger side back seat.[4] Neither passenger was arrested.

Tate told Beckham he owned the vehicle but could not provide Beckham with any documents proving his ownership. The vehicle was registered in someone else's name.[5] At least one of the passengers also claimed to own the

---

[3] 3 RR at 12-13.
[4] 3 RR at 13-14.
[5] 3 RR at 14.

2

vehicle. Beckham impounded the vehicle and subsequently conducted an inventory of the contents of the vehicle.[6]

During the course of the vehicle inventory Beckham located a syringe containing a brown liquid. The syringe was located in a compartment underneath the air conditioner and heater controls and directly to the right of the passenger seat.[7]

When Tate was asked to exit the passengers were allowed to remain inside the vehicle.[8] Beckham believed the passengers remained in the vehicle around 5 minutes before being removed from the vehicle.[9] Beckham believed the front passenger would have been able to reach the compartment where the syringe was located. Beckham could not see what the passengers were doing while they remained in the car. Consequently, he wanted them removed from the vehicle.[10]

The passengers' purses were searched by Beckham with their consent. No contraband was located in either purse. Their persons were also eventually searched by a female officer and again, no contraband was located.[11]

---

[6] 3 RR at 15.
[7] 3 RR at 18.
[8] 3 RR at 25.
[9] 3 RR at 28.
[10] 3 RR at 29-30.
[11] 3 RR at 14, 36-37.

3

## SUMMARY OF THE ARGUMENT

The court below correctly and permissibly determined that the evidence was insufficient to support the Appellant's conviction for possession of a controlled substance. The "logical force" of the factors linking the Appellant with the contraband did not prove he committed the offense.

The links connecting the Appellant to the contraband are weak. The State relies heavily on the link that the contraband was found within arms-reach of where the Appellant had been sitting while driving the car; however the link is tenuous because the contraband was discovered only after the passengers had remained in the car for several minutes after the Appellant's removal. The only other factors— that he was the alleged owner of the vehicle and he should have been familiar with the drug-use history of one of his passengers— do not create a "logical force" by which the evidence was sufficient to sustain a conviction of guilt.

## ARGUMENTS AND AUTHORITIES

### 1. Standard of Review

The Court of Appeals correctly laid out the standard of review.[12] In a due-process review of the sufficiency of the evidence to support a conviction, a court shall view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements the crime

---

[12] Tate, 463 S.W.3d at 274-275.

4

beyond a reasonable doubt.[13] This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic to ultimate facts.[14]

When performing an evidentiary sufficiency review, a court may not re-evaluate the weight and credibility of the evidence and substitute its judgment for that of the factfinder.[15] The court must determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict.[16]

## 2. Authority

To prove the offense of possession of a controlled substance, the State must show the Appellant knowingly or intentionally possessed a controlled substance listed in Penalty Group 1, which includes Methamphetamine.[17] To prove possession, the State must prove that the accused (1) exercised actual care, custody, control, or management over the substance and (2) knew that the matter possessed was a controlled substance.[18]

While the evidence used to prove possession may be either direct or circumstantial, the evidence must show that the accused's connection with the

---

[13] *Id.* citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 560 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim.App.2014).

[14] *Id.*

[15] *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App.2010)

[16] *Sorrels v. State*, 343 S.W.3d 152, 155 (Texas.Crim.App.2011)

[17] Tex. Health & Safety Code Ann. §§ 481.102(6), 115(1a).

[18] *Id.* § 481.002(38); *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App.1995).

substance was more than fortuitous.[19] When the accused is not in exclusive possession of the place where contraband is found, there must be additional independent facts and circumstances which affirmatively link the person to the contraband in such a way that it can be concluded that the accused had knowledge of the contraband and exercised control over it.[20] An affirmative link generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it.[21]

### 3. Analysis

The evidence does not show the Appellant "possessed" the contraband. The Court of Appeals correctly ruled that the cumulative force of the evidence, even when viewed in the light most favorable to the verdict, was not sufficient to support the verdict. The Court indicated the only factors linking the Appellant to the contraband were that he "was the driver and purported owner of the vehicle in which the syringe was found in a location that would have been conveniently accessible to both Tate and [the passenger]"[22] The State contends two additional factors support the Appellant's conviction: (1) the Appellant previously served four years for possession of a controlled substance; and (2) he invited people into

---

[19] *Poindexter v. State,* 153 S.W.3d 402, 405-06 (Tex.Crim.App.2005).
[20] *Deshong v. State,* 625 S.W.2d 327, 329 (Tex.Crim.App.1981).
[21] *Johnson v. State,* 658 S.W.2d 623, 627 (Tex.Crim.App.1983).
[22] *Tate,* 463 S.W.3d at 276.

his car he knew had a history with drugs. These factors are weak, however, and would not change the Court's analysis.[23]

In providing analysis for its holding that a rational juror could not have determined beyond a reasonable doubt from the evidence that the Appellant possessed the contraband, the Court below discussed why the links did not constitute a "logical force" sufficient to prove possession.[24] The strongest link arguably is the contraband supposedly being in plain view of where the Appellant was sitting in the vehicle. However, the court permissibly found the link to be weak or non-existent because there was no evidence that the contraband was in plain view or accessible to the Appellant at any time he was inside the vehicle.[25] The evidence must logically connect the accused to the contraband—without evidence the contraband was in plain view at such a time the appellant was in the vehicle this logical connection does not exist.[26]

The remaining factors also do not weigh heavily enough to create the "logical force" necessary to sustain the conviction. Being the driver and (alleged) owner of

---

[23] While the lists of factors provided by courts are non-exclusive, generally "criminal history" is not included as a factor to be considered in determining "knowing possession." *Tate,* 463 S.W.3d at 275. Additionally, the Rules of Evidence preclude the use of other acts to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Tex. Rules Evid. 404(b)(1).

With regards to the Appellant's association with people he knew to have a history with drugs, familial or friendship relationships are not generally strong factors showing an affirmative link to contraband. *Robertson v. State,* 80 S.W.3d 730, 739 (Tex.App.Houston [1st Dist] 2002).

[24] *Tate,* 463 S.W.3d at 277, n. 8.
[25] *Id* at 276.
[26] *Evans v. State,* 202 S.W.3d 158, 161-62 (Tex.Crim.App.2006).

the vehicle is insufficient, without other evidence to prove possession.[27] Nor does combining these factors with the Appellant's proximity to where the drugs were later located create legally sufficient evidence of the Appellant's guilt.

As the Court below noted, Courts have held the evidence to be legally insufficient under similar circumstances.[28] The Court in *Robertson* held the evidence legally insufficient when the State merely shows that a defendant was driving a vehicle containing narcotics.[29] As in the present case, the contraband in *Robertson* was discovered after the Appellant driver had been removed from the vehicle and the passengers remained for a period of time. The Court held that the evidence, even in the light most favorable to the verdict, did not create the logical force necessary to allow a rational jury to find, beyond a reasonable doubt, that the Appellant had knowledge of the presence of the contraband.[30] The Court below in the present case did not err by reaching the same conclusion.

The State posits this case is similar to *Evans*[31] and the result here should be the same. Factually, *Evans* is substantially different in that, among other things, law enforcement observed the Appellant sitting within arms-length of the contraband when the entered the residence and the Appellant stated "drugs" as the reason for

---

[27] *Robertson,* 80 S.W.3d at 736.
[28] *Tate,* 463 S.W.3d at 377.
[29] *Id.*; *Robertson,* 80 S.W.3d at 736.
[30] *Robertson,* 80 S.W.3d at 741.
[31] *Evans v. State,* 202 S.W.3d 150 (Tex.Crim.App.2008).

law enforcement presence at the house—arguably strong links to the contraband.[32] The present case contains no such links. Legally, *Evans* is also substantially different. This Court held the lower court "analyzed each one of these facts or links in isolation" and that it "disregarded … evidence."[33] The Court below in the present case did not engage in such an exercise, but rather considered the evidence taken in totality in holding it did not constitute a "logical force" sufficient to prove possession.[34] Because of the substantial differences between *Evans* and the present case, this court need not reach the same conclusion.

## 4. Conclusion

The Court below properly held the factors present did not create a "logical force" the Appellant committed the offense of possession of a controlled substance. The only factors on the record are that the Appellant was the driver and alleged owner of the vehicle and the contraband was located in a compartment within arms-reach of where the Appellant was sitting while driving. The record is void of any evidence the contraband was within arms-reach while the Appellant was sitting in the vehicle. Being the driver of a vehicle where contraband may or may not have been in plain view is insufficient to sustain a conviction of guilt, and the Court below did not err in so holding.

---

[32] See *Id.*
[33] *Id.* at 164.
[34] *Tate,* 463 S.W. 3d n. 8.

# PRAYER

WHEREFORE, the Appellant prays that this Court affirm the judgment of the

Second Court of Appeals.

Respectfully submitted,
Switzer | Oney Attorneys at Law, PLLC

Lynn Switzer
P.O. Box 2040
Gainesville, Texas 76241
(940) 665-6300
FAX (940) 665-6301
TSBN 24002213

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLAIANCE

This brief complies with the word limitations in Texas Rule of Appellate Procedure 9.4(i)(2).  In reliance on the word count of the computer program used to prepare this brief, the undersigned attorney certifies that this brief contains 1,996 words, exclusive of the sections of the brief exempted by Rule 9.4(i)(1).

Lynn Switzer

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Appellant's Brief on the

Merits was served on the following via electronic filing or email on December 29, 2015:

John R. Messinger
Assistate State Prosecuting Attorney
P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov

Zachary Renfro
Special Prosecutor
304 Clay St.
Nocona, Texas 76255
renfrolawoffice@gmail.com

Paige Williams
District Attorney
P.O. Box 55
Montague, Texas 76251
paige.williams@co.montague.tx.us


_____
Lynn Switzer